UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN M. ELLERS, ) | |
| ) | |
| Plaintiff, ) | No: 21 CV 3051 |
| ) | |
| vs. ) | |
| ) | |
| MOMENTUM HEALTH CARE d/b/a PRAIRIE ) | |
| CROSSING LIVING & REHAB., ) | JURY DEMAND |
| Defendant. ) | |

COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE DISCRIMINATION)

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991 ("ACT"), for the Defendant, **MOMENTUM HEALTH CARE d/b/a PRAIRIE CROSSING LIVING & REHAB.,** ("MHC" or Defendant) having subjected Plaintiff, **DAWN M. ELLERS**, hereinafter ("ELLERS" or "Plaintiff") to race discrimination (disparate treatment), despite ELLERS' complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Eastern Division.

## PARTIES

4. ELLERS is a Caucasian female was a resident at Rock Falls, Illinois at the time of her wrongful termination by MHC.

5. ELLERS was an employee of MHC as a Maintenance Supervisor at the facility in Shabbona, DeKalb County, Illinois.

6. At all times relevant, MHC is a Domestic Corporation organized under the laws of Illinois

7. MHC is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. This action brought against the Defendant, MHC having subjected Plaintiff, ELLERS to race discrimination by failure to treat her the same as non-Caucasian employees and allowing her to be subjected to unfair racial treatment in discipline despite ELLERS complaints about same, as she was subjected to excessive discipline and terminated on December 3, 2019.

9. Defendant by its action or actions of its agents, caused and unreasonably interfered with the terms and conditions of Plaintiff's employment and performance in her job and discipline, as compared to non-Caucasian employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

10. By reason of the race discrimination and disparate treatment by Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

11. Further, said action on the part of the Defendant was done with malice and

reckless disregard for Plaintiffs' protected rights.

12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity (EEOC) in March 20, 2020. Those charges were timely filed, under the ACT. (See Exhibit "A"),

13. On March 9, 2021, Plaintiff was sent a notice from the EEOC of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(**TITLE VII SEX DISCRIMINATION**)

14. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seg.*, for MHC having subjected ELLERS to sex discrimination by failure to treat her the same as male employees despite ELLERS's complaints about same.

## STATEMENT OF CLAIMS

16. Beginning in 2019 until her termination in December 3, 2019, her immediate supervisors treated the male employees to better terms and conditions of employment and discipline than they did with ELLERS. Further, ELLERS's supervisor knowingly treated ELLERS differently than male employees whose performance which was the same as, or less than that of ELLERS.

17. MHC intentionally subjected ELLERS to unequal and discriminatory treatment by discriminating based on her being subjected to excessive discipline compared to male employees and then terminating her on December 3, 2019, and replacing her with a male

employee.

18. By engaging in discriminatory conduct, MHC discriminated against ELLERS in violation of 42 U.S.C. 2000(e) as amended.

19. The discriminatory action of MHC as set forth above has caused ELLERS to suffer losses of earnings, and as a further proximate result of MHC's unlawful and intentional discriminatory actions against ELLERS, as alleged above, ELLERS has been harmed in that ELLERS has suffered in her position, her work environment became impaired and also her work performance causing her termination.

20. As a further proximate result of MHC'S unlawful and intentional discriminatory actions against ELLERS, as alleged above, ELLERS has been harmed in that ELLERS has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

21. All the above in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by inter alia the Civil Rights Act of 1991. 23. As a result of such discrimination and consequent harm, ELLERS has suffered such damages in an amount according to proof.

22. Further, said action on the part of MHC was done with malice and reckless disregard for ELLERS'S protected rights.

## PRAYER FOR RELIEF

WHEREFORE, ELLERS prays for judgment as follows:

1. Declare the conduct engaged in by MHC to be in violation of ELLERS' rights;

2. For injunctive relief, including but not limited to reinstatement and relief required to make ELLERS whole for any losses caused by the violations of MHC protect her from

further mental harm;

   3.  For compensatory damages in an amount according to proof;

   4.   For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

  5. For such other and further relief as the court deems proper.

DAWN M. ELLERS

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
Attorney for Plaintiff
Address: 10 N. Martingale Road, Suite 400
City: Schaumburg, Illinois 60173
Telephone: (847) 466-1099